UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:10-CR-298-T-30MAP

COURTNEE NICOLE BRANTLEY
_____/

# ORDER

**THIS CAUSE** came on to be considered upon Defendant's Motion to Dismiss Based Upon Selective Prosecution and Request for a Necessary Evidentiary Hearing (Dkt. #121). The Motion draws similarities between the circumstances involving Defendant Brantley with those of another female, Quinisha McMillan. Defendant describes McMillan's involvement with Dontae Morris, the individual that allegedly shot the two officers, as follows:

> According to a transcript of the sworn testimony, McMillan not only informed Detective Sandel that she was having an intimate relationship with Morris, the man she said had just "got out," but that within seconds of Morris allegedly committing, on May 18, 2010, the first of five murders that would occur over a span of 42 days, she not only saw the dead body of that first victim, Derek Anderson, laying (sic) on the ground, she also witnessed Morris, less than two hours later, sit inside of her apartment and reload a revolver.

Motion to Dismiss Indictment (Dkt. #121), p. 3, footnotes omitted. The Motion requests an evidentiary hearing.

The executive arm of government has broad discretion in choosing whom to prosecute for a particular crime. That discretion is subject to constitutional constraints, one of which

is the equal protection component of the Due Process Clause of the Fifth Amendment. *Bolling v. Sharpe*, 347 U.S. 497, 500 (1954). The decision to prosecute may not be based on "an unjustifiable standard such as race, religion, or other arbitrary classification." *Oyler v. Boles*, 368 U.S. 448, 456 (1962).

In order to prevail on a selective prosecution claim, a defendant must meet two requirements: (1) he must make a *prima facie* showing that he has been singled out for prosecution although others similarly situated who have committed the same acts have not been prosecuted, and (2) he must demonstrate that the government's selective prosecution of him is motivated by constitutionally-impermissible motives such as racial or religious discrimination or his exercise of constitutional rights. *United States v. Lichenstein*, 610 F. 2d 1272, 1281 (5th Cir.), *cert. denied*, 447 U.S. 907 (1980).

Here, it is unnecessary to discuss whether the Defendant has met the first prong since she has clearly failed to meet the second. To meet the second prong, a defendant must demonstrate that the prosecution is "directed so exclusively against a particular class of persons . . . with a mind so unequal and oppressive" that the system of prosecution amounts to "a practical denial" of equal protection of the law. *Yick Wo v. Hopkins*, 118 U.S. 356, 373 (1886). The Motion neither points to a particular class of persons that it claims is being discriminated against, nor describes how McMillan occupies a different class than the Defendant. In short, the Motion does not assert the prosecution is a constitutionally impermissible attack upon a particular race, religion, or other arbitrary classification.

Because the Motion fails to meet the second prong, it will be denied.  And without a reasonable showing as to the second prong, no evidentiary hearing is necessary.  *United States v. Ream*, 491 F. 2d 1243, 1246 (5th Cir. 1974).

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Based Upon Selective Prosecution and Request for a Necessary Evidentiary Hearing (Dkt. #121) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on June 28, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cr-298.mtd 121.wpd